IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 5:07cv00106 |
| Plaintiff, | ) ) ) | **COMPLAINT** |
| v. | ) ) | |
| R-ANELL HOUSING GROUP, LLC, | ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Amy L. Hall and other similarly situated females who was adversely affected by such practices. Specifically, the Equal Employment Opportunity Commission (the "Commission") contends that Defendant R-Anell Housing Group, LLC ("Defendant") discriminated against Ms. Hall and a class of similarly situated female applicants for employment by refusing to hire them. The Commission further contends that Defendant maintains a segregated workforce, thereby denying female employees employment opportunities on the basis of sex. Lastly, the Commission contends that Defendant failed to preserve applications and personnel records as required by law.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and

707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and (6) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and (6).

4. At all relevant times, Defendant has been a North Carolina limited liability corporation doing business in the state of North Carolina and the cities of Denver and Cherryville, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Amy L. Hall filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2003, Defendant has engaged in unlawful employment practices at its facility in Denver, North Carolina, and since late 2004 at its facility in Cherryville, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1). Specifically, Defendant subjected Amy L. Hall and other similarly situated female applicants for

employment to discrimination by failing and refusing to hire them based on their sex. Defendant engaged in a pattern or practice of discriminatory hiring by not referring female applicants for interviews, permitting supervisors to express a preference for hiring males and failing to hire females into certain positions, thereby denying female applicants for employment equal opportunities based on their sex.

8. Since at least 2003, Defendant has engaged in unlawful employment practices at its facility in Denver, North Carolina, and since late 2004 at its facility in Cherryville, North Carolina, in violation of Section 703(a)(2) of Title VII, 42 U.S.C. §§ 2000e-2(a)(2). Specifically, females newly hired by Defendant were predominantly placed in the final finish department, thereby denying them equal opportunity for employment in other departments based on their sex.

9. Since at least August 2004, Defendant has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to preserve records relevant to the determination of whether unlawful employment practices have been or are being committed. Specifically, after receiving notice of Amy L. Hall's charge, Defendant failed to keep some employment applications and job requisition forms completed by its supervisors.

10. The effect of the practices complained of in paragraph 7 above has been to deprive Ms. Hall and a class of similarly situated female applicants for employment of equal employment opportunities and otherwise adversely affect their status as applicants because of their sex.

11. The effect of the practices complained of in paragraph 8 above has been to deprive a class of female employees of Defendant of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

3

12. The unlawful employment practices complained of in paragraphs 7, 8 and 9 above were intentional.

13. The unlawful employment practices complained of in paragraphs 7, 8 and 9 above were done with malice or with reckless indifference to the federally protected rights of Ms. Hall, other similarly situated female applicants for employment and female employees of Defendant.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from any employment practice that discriminates on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Amy L. Hall and a class of similarly situated female applicants for employment by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described in paragraph 7 above, including but not limited to instatement.

D. Order Defendant to make whole a class of female employees who were placed in the final finish department to the exclusion of other departments, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described in paragraph 8

4

above, including but not limited to preferential placement of the class of female employees in departments other than the final finish department.

E. Order Defendant to preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

F. Order Defendant to make whole Ms. Hall, other similarly situated female applicants for employment and female employees of Defendant, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7, 8 and 9 above, including but not limited to medical expenses and job search expenses, in amounts to be determined at trial.

G. Order Defendant to make whole Ms. Hall, other similarly situated female applicants for employment and female employees of Defendant, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 7 and 8 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H. Order Defendant to pay Ms. Hall, other similarly situated female applicants for employment and female employees of Defendant, punitive damages for its malicious and reckless conduct described in paragraphs 7, 8 and 9 above, in amounts to be determined at trial.

I. Order Defendant to cease its practice of assigning female employees to certain jobs or departments based on their sex.

J. Grant such further relief as the Court deems necessary and proper in the public interest.

K. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 25th day of September, 2007.

>Respectfully submitted,
>
>RONALD S. COOPER
>General Counsel
>
>JAMES L. LEE
>Deputy General Counsel
>
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>1801 L Street, N.W.
>Washington, D.C. 20507
>
>  **s/ Lynette A. Barnes**
>LYNETTE A. BARNES (NC Bar No. 19732)
>Regional Attorney
>Email – lynette.barnes@eeoc.gov
>
>TINA BURNSIDE (WI Bar No. 1026965)
>Supervisory Trial Attorney
>Email – tina.burnside@eeoc.gov
>
>  **s/ Kara Gibbon Haden**
>KARA GIBBON HADEN (NC Bar No. 26192)
>Senior Trial Attorney
>Email – kara.haden@eeoc.gov
>EQUAL EMPLOYMENT OPPORTUNITY
>COMMISSION
>Charlotte District Office
>129 West Trade Street, Suite 400
>Charlotte, North Carolina 28202
>
>ATTORNEYS FOR PLAINTIFF