
# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

   Plaintiff,

   v.

R-ANELL HOUSING GROUP, LLC,

   Defendant.

   )
   )
   )
   )
   )
   )
   )
   )
   )
   )
   )

**CIVIL ACTION NO. 5:07cv00106**

**CONSENT DECREE**

  The United States Equal Employment Opportunity Commission ("Commission")

instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the

Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that

Defendant R-Anell Housing Group, LLC ("Defendant") discriminated against Amy L. Hall and a

class of similarly situated female applicants for employment by refusing to hire them. The

Complaint further alleged that Defendant maintains a segregated workforce, thereby denying

female employees employment opportunities on the basis of sex, and that Defendant failed to

preserve applications and personnel records as required by law. Defendant has denied and

continues to deny liability and this consent decree is not an admission of liability by Defendant.

The EEOC does not disavow the allegations in the Complaint.

  The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the

parties and agree that the subject matter of this action is properly before the Court.

  The parties have advised this Court that they desire to resolve the allegations in the

Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 24 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1.      Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII.

2.      Defendant shall not discriminate or retaliate against any person because of his or her opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3.      Defendant shall maintain applications and personnel records as required by Title VII of the Civil Rights Act and Commission regulations.

4.      For purposes of this Decree, an "applicant" is defined as an individual who submits a completed application, whether it be directly to Defendant or through a third-party entity  designated by Defendant to receive such applications (i.e., the Employment Security Commission), for any non-supervisory production position, any non-designated position, or a position designated as "any".

5.      MONETARY RELIEF:  Defendant shall pay total monetary damages in the amount of Two Hundred Thousand Dollars ($200,000.00) in settlement of the claims in this lawsuit, as set forth in paragraphs 5.a through 5.g, below.

a. Within fifteen (15) days after the Court approves this Consent Decree, Defendant shall pay to Amy L. Hall the sum of Twenty-Five Thousand Dollars ($25,000.00). This sum shall represent compensatory damages for Ms. Hall. Defendant shall make payment by issuing a check payable to Amy L. Hall, and shall mail the check to Ms. Hall at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Ms. Hall.

b. The remaining One Hundred Seventy-Five Thousand Dollars ($175,000.00) (the "settlement funds") in monetary damages shall be paid by Defendant in 23 equal installments of Seven Thousand Six Hundred Eight Dollars and Seventy Cents ($7,608.70) ("installment payment") in accordance with the procedure set forth in paragraph 5.c, below.

c. Within ten (10) days of the entry of this Decree by the Court, Defendant shall select an escrow agent ("escrow agent") who will be compensated by Defendant, and shall disclose the name of the escrow agent to the Commission. Within forty-five (45) days of the entry of this Decree by the Court, Defendant shall pay its first installment payment of the settlement funds to the escrow agent. Defendant shall make an installment payment every 30 days thereafter until a total of 23 installment payments have been made. The Commission will be a third party beneficiary of the agency relationship between Defendant and the escrow agent. The settlement funds shall be distributed to all persons the Commission deems

entitled to distributions (hereafter "aggrieved person(s)") as specifically described in the following paragraphs.

d. SCHEDULE A: Defendant shall direct the escrow agent to hold the first two installments of the settlement funds in escrow until such time as the escrow agent receives Schedule A from the Commission. Schedule A shall contain a distribution list setting forth the names of all aggrieved persons who shall share in the first two installments of the settlement funds, the last known address for each aggrieved person and the amount each aggrieved person shall draw from the first two installments of the settlement funds. Defendant shall direct the escrow agent to pay, within ten (10) days of the escrow agent's receipt of Schedule A, the accumulated settlement funds to the aggrieved persons, by bank draft or check, as directed by the Commission on Schedule A.

e. SCHEDULE B: For each of the remaining installment payments (i.e., installment payments 3 through 23), Defendant shall direct the escrow agent to pay to the aggrieved persons identified on Schedule B the corresponding percentage of the installment payment for each such person as set forth on Schedule B. Defendant shall ensure that such payments are made by bank draft or check to the aggrieved persons within ten (10) days of the escrow agent's receipt of each installment payment. At any time in the 23 months during which Defendant is making installment payments, the Commission may provide Defendant with a revised Schedule B that shall be used for distribution of the remaining settlement funds.

f. Within ten (10) days of each disbursement referenced in subparagraphs d and e above, Defendant shall send a copy of each bank draft or check made payable to

each aggrieved person and proof of delivery to each such person to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, NC 28202.

g. The Commission shall provide Defendant and the escrow agent with Schedules A and B within sixty (60) days of the entry of this decree.

6. HANDLING OF RETURNED CHECKS/UNDISTRIBUTED SETTLEMENT FUNDS:

a. If any of the payments to aggrieved persons are returned by the postal service as undeliverable, within ten (10) days of the return, Defendant shall notify the Commission of the name of each person whose payment was returned undeliverable. The Commission shall have thirty (30) days after receipt of said notice to locate each such person so that the payment(s) may be promptly re-mailed to them by the escrow agent. Defendant shall cause the bank draft or check to be re-mailed by the escrow agent within ten (10) days of Defendant's receipt of an updated address for re-mailing of a payment. Within ten (10) days after re-mailing of the bank draft or check, Defendant shall mail to Lynette A. Barnes, Regional Attorney, at the above address, a copy of the check and proof of its delivery.

b. If any aggrieved person(s) whose check was returned undeliverable cannot be located by the Commission, the Commission will notify Defendant and Defendant shall direct the escrow agent to place the returned settlement funds into a separate escrow account (hereafter "undistributed settlement fund").

c. Within ninety (90) days of the final disbursement, Defendant shall provide to the Commission an accounting prepared and certified by the escrow agent of all funds in the undistributed settlement fund. Within thirty (30) days of the Commission's receipt

5

of the accounting, the Commission will provide Defendant with Schedule C, which shall contain a list of aggrieved persons and payment amounts for distribution of the undistributed settlement fund. Defendant shall direct the escrow agent to pay the undisbursed settlement funds to the aggrieved persons, by bank draft or check, as directed by the Commission on Schedule C. Defendant shall ensure that such payments are made within ten (10) days of Defendant's receipt of Schedule C. Within ten (10) days of the disbursements made in accordance with this subparagraph, Defendant shall send a copy of each bank draft or check made payable to each aggrieved person and proof of delivery to each such person to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, NC 28202.

    d.    If following distribution of the undistributed settlement fund any monies remain in said fund or are returned to said fund, Defendant shall direct the escrow agent to distribute the remaining monies in accordance with the directions of the Commission.

    7.    <u>HIRING OF AGGRIEVED INDIVIDUALS</u>: Within ninety (90) days after entry of this Decree, the Commission will provide Defendant with a list of individuals identified by the Commission as female applicants rejected from employment with Defendant who are still interested in employment with Defendant (hereafter "class applicants"), including home addresses and telephone numbers (hereafter "class list"). Defendant represents that it is not currently hiring for production worker positions. Defendant agrees that at such time as Defendant begins to recall employees who were placed in "layoff subject to recall status" (hereafter "layoff status") and/or to hire new production workers to either replace terminated production workers or to increase the total number of production workers employed, Defendant will do the following:

a.      For every four (4) production worker positions that are filled by Defendant with employees in layoff status, Defendant will fill the next one (1) production worker position with a class applicant from the class list.

b.      The procedure for filling a production worker position with a class applicant shall be as follows:

      i.  When a production worker position becomes available, Defendant shall notify the five class applicants who are next in line for consideration for hire on the class list, by sending Attachment A addressed to each respective class applicant. Defendant will send each letter by certified mail, return receipt requested. The class applicant receiving a letter will have five (5) calendar days after receipt of the letter to contact Defendant and advise Defendant whether she is interested in the specific position available.

    ii.  Defendant will make a job offer for the available production worker position to the class applicants in the order they appear on the class list until such time as a class applicant is hired for the position.

          1.  In the event that Defendant does not hire a class applicant from the five who received notification of the vacancy, Defendant will notify the next five class applicants on the class list in accordance with paragraph 7.b.i and repeat the process until such time as a class applicant is hired for the position.

          2.  Those class applicants in the notified group who do not receive a job offer because a higher ranked class applicant was hired (e.g.,

class applicants 4 and 5 where class applicant 3 was hired) shall remain on the class list and shall be included in the next group notification of class applicants.

iii. If a letter mailed in accordance with paragraph 7.b.i above is returned to Defendant as undeliverable, within five (5) days of the letter's return, Defendant will notify EEOC of the class applicant's name, and the address to which the letter was sent. EEOC will provide Defendant with updated contact information for the class applicant, if available, within fifteen (15) days of EEOC's receipt of the notification.

iv. Within fifteen (15) calendar days of making a job offer as defined below to a class applicant, Defendant shall notify the Commission whether or not the class applicant was hired by Defendant.

v. A class applicant may only be removed from the class list under the following conditions: (a) the class applicant received a job offer as defined below, and was either hired by Defendant or deemed unqualified; (b) the class applicant's name was reached on the class list and the class applicant failed to timely respond to the letter notifying her of a possible vacancy; or (c) the EEOC has advised Defendant that it is unable to locate current contact information for the class applicant following return of a letter as undeliverable. It is specifically agreed that a class applicant who in response to Defendant's notification of a vacancy responds that she is not interested in the specific position, is not removed from the class list <u>unless said applicant would have been actually considered for the position (e.g.,</u>

> if class applicant number 5 responds that she is not interested in a
> particular position, and the position is offered to class applicant number 3
> either prior to or subsequent to class applicant number 5 indicating that
> she is not interested, class applicant number 5 shall remain on the class list
> for future notifications).

    c.   For purposes of this paragraph, a "job offer" is defined as a bona fide offer of employment subject to Defendant's determination that the class applicant is qualified for employment. Defendant shall not be required to hire an unqualified class applicant; however if Defendant determines that a class applicant is unqualified, Defendant shall provide the Commission with a detailed statement explaining the basis for the determination within fifteen (15) days of such determination. If a class applicant fails to accept an offer or is deemed unqualified by Defendant, Defendant has no further responsibility to that individual under this paragraph of the Decree, but if the class applicant subsequently applies for employment at Defendant, Defendant must give her the same consideration as any other applicant.

8.   <u>RECRUITMENT AND HIRING EFFORTS</u>:  During the term of this Decree, Defendant will implement the following elements into its recruitment program, aimed at recruiting females into Production Worker positions.

    a.   In all recruiting and hiring materials, including but not limited to employment applications, brochures, newspaper, radio, television, and internet advertisements, and on its website, Defendant will state that "R-Anell Housing Group, LLC is an Equal Opportunity Employer." In all recruiting and hiring materials created

any time after twenty (20) days following the entry of this Decree, including but not limited to employment applications, brochures, newspaper, radio, television, and internet advertisements, and on its website, Defendant will also state that "R-Anell Housing Group, LLC promotes a diverse workplace," and will state that "Individuals of all genders, races, colors, national origins and religions are encouraged to apply for employment."

      b.     In response to the receipt of an application from any applicant, as the term is defined in this Decree, Defendant will notify the applicant in writing of Defendant's procedure for continued consideration of the applicant's application, including but not limited to: (i) how long the application will remain active for consideration under Defendant's procedures; and (ii) the steps the applicant must take in order to renew his or her application for future consideration.

      c.     Defendant will use the following educational, professional and governmental organizations to serve as recruitment sources of females:

Employment Security Commission
529 North Aspen Street
Lincolnton, NC 28092

Employment Security Commission
3301 Hwy 70 SE
Newton, NC 28658

Employment Security Commission
1391 Bessemer City Road
Gastonia, NC 28052

Employment Security Commission
208 N. Cleveland Avenue
Kings Mountain, NC 28086

Employment Security Commission
7140 Forest Point Blvd, Suite A
Charlotte, NC 28217

YWCA Central Carolinas
ATTN: Women in Transition Program
3420 Park Road
Charlotte, NC 28209

Within thirty (30) days after the Court approves this Decree, Defendant will notify the above organizations in writing about its commitment to equal employment opportunity, its commitment to hiring qualified females, and its interest in increasing female representation in production worker positions.

d.     During the term of this Decree, Defendant will notify the above organizations within three (3) days of any and all job openings that become available.

e.     Defendant will participate in a total of six (6) job fairs, to be held no more frequently than once every six (6) months. The purpose of Defendant's participation in the job fairs will be, among other things, to recruit females for production worker positions. The job fairs will also communicate to the community in the relevant recruitment areas that Defendant is committed to developing and maintaining a diverse workforce, is an equal opportunity employer, and encourages females to apply for available job vacancies. Defendant will notify the organizations identified in paragraph 8(c) above of its participation in each job fair at least two weeks prior to the date of the job fair. The first job fair shall be held within one hundred and eighty (180) days after the Court approves this Decree. At least two of the job fairs that Defendant participates in shall be held in Gaston County.

f.     As part of its recruitment efforts for production workers, Defendant will advertise in local newspapers, periodicals and media as follows:

11

(i)     Defendant represents that its current practice is to only accept employment applications through the North Carolina Employment Security Commission (hereafter "ESC"). During the term of this Decree, at all times that Defendant has a production worker position posted with the ESC or is otherwise actively seeking applicants for one or more production worker positions through the ESC, Defendant will run weekly job advertisements for production worker positions. At such time as Defendant expands its practice for accepting applications beyond the ESC, in addition to the aforementioned weekly job advertisements, Defendant will run job advertisements for production worker positions at least once a month regardless of whether it has a production worker position posted with the ESC or is otherwise actively seeking applicants for one or more production worker positions through the ESC. The purpose of the advertisements will be, among other things, to recruit female applicants for production worker positions and to inform interested individuals how to submit an application. Each time that an advertisement is run, it shall be run concurrently in a total of no less than four (4) different media publications or periodicals.

(ii)     All advertisements pursuant to this subparagraph shall state that "R-Anell Housing Group, LLC is an Equal Opportunity Employer."

9. HIRING EFFORTS: During the term of this Decree, Defendant shall make a good faith effort to hire qualified females into open production worker positions at or above the rate at which females apply for such positions.

a.     Defendant shall evaluate its hiring efforts every six (6) months by comparing the percentage of females hired for open production worker positions during

the preceding six (6) month period to the percentage of applicants for open production worker positions in that period that were female. Defendant shall complete each evaluation within ten (10) days of the last day of the six (6) month period. The first six (6) month period shall begin on the first day of the first month following the entry of this Decree by the Court.

     b.     Within ten (10) days of the completion of each evaluation, Defendant shall report the results of the evaluation to the Commission in writing, including the number of applicants and the number of hires by gender during the preceding six (6) month period. If any evaluation reveals that Defendant hired a lower percentage of females for open production worker positions than the percentage of female applicants during the period, Defendant's report to the Commission shall include an explanation of the reasons for the difference.

     c.     Defendant shall not be required to hire an unqualified applicant. For purposes of this paragraph (paragraph 9) only, bona fide job offers which are rejected by an applicant shall be treated the same as a hire for purposes of this Consent Decree. This provision does not affect or supersede the provisions set forth in paragraph 7 herein, related to Hiring of Aggrieved Individuals.

     d.     For purposes of this paragraph, open production worker positions shall not include those positions filled by a former employee of Defendant who is recalled into a production worker position following a layoff or those positions filled by class applicants.

e.  The hiring efforts contained in this Decree are not intended to operate as a quota or ceiling upon employment of females. Nothing in this Decree shall be interpreted to give one individual applicant preference over another applicant.

f.  If Defendant has a layoff or reduction in force, within ten (10) days of the layoff or reduction in force, Defendant will notify the Commission of the identity of each individual affected by the layoff or reduction in force, including the individual's name, gender and job title.

10.  Within one hundred twenty (120) days after the Court approves this Decree, Defendant will review its existing internal and external recruiting and hiring documents (including materials on its external and internal websites) to insure the absence of gender-based stereotyping, to insure that when employees are pictured in any document (including materials on its external and internal websites) that the pictures indicate gender diversity within Defendant's workforce, and to identify other means in which those documents can demonstrate Defendant's support of equal employment opportunity for women. Whenever possible within the constraints of each document's intended business purpose, Defendant will demonstrate that it has a diverse work force and is committed to equal employment opportunity for women. Within ten (10) days after Defendant's review has been completed, Defendant will certify to the Commission that its review has been completed and state what action(s), if any, were undertaken to comply with the provisions of this paragraph.

11.  ANTI-DISCRIMINATION POLICY: Within thirty (30) days of the entry of this decree by the Court, Defendant shall revise its written equal employment opportunity policy to include the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against gender discrimination in hiring,

job placement and promotions; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Defendant shall distribute to each current employee a copy of the policy within the aforementioned thirty (30) day time period. Within forty-five (45) days of the entry of this Decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the aforementioned policy to all new employees and review it with them at the time of hire.

12.     During the term of this decree, Defendant shall post a copy of the policy described in paragraph 11, *supra*, in all of its facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within forty-five days (45) after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

13.     <u>TRAINING</u>: During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964 and its prohibition against gender discrimination and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 11 above, and an explanation of the rights and responsibilities of employees and managers under the policy. In addition to the aforementioned training topics, the annual training provided by Defendant to its managers and supervisors shall include the following: (1) Defendant's efforts to recruit and hire females and to maintain a diverse workforce; and (2) the application of equal employment opportunity to typical employment situations, including but not limited to recruiting and hiring without engaging in gender stereotyping.

The first training program shall be completed within one hundred twenty (120) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance and a copy of the agenda for the training program.

14.    Separate and apart from the training described in paragraph 13 above, during the term of this Decree, Defendant will conduct annual training sessions for the following persons responsible for hiring and recruiting of production workers: (i) all human resources employees; and (ii) all employees who are involved in any way in handling applications for employment, including distributing, collecting, reviewing and/or filing applications received by Defendant. Such training shall include, but not be limited to: (1) the provisions and requirements of this Decree; and (2) the role and responsibility of the human resources staff regarding compliance with EEO laws and this Decree.

The first training program shall be conducted within one hundred twenty (120) days following the date the Court enters this Decree. Each subsequent training program shall be conducted at approximately one-year intervals. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance and a copy of the agenda for the training program.

15.    TESTING: Defendant asserts that it does not currently use a written test as a part of its hiring process for production worker positions. Within forty-five (45) days of the entry of this Decree, Defendant shall confirm to the Commission in writing that it is not using any such

test. In the event that Defendant recommences the use of a written test as a part of its hiring process for production worker positions, Defendant shall do the following: (1) within ten (10) days of the first use of any such test, provide the Commission with a complete copy of the test and associated answer key; (2) within thirty (30) days of the first use of any such test, have the test validated under Title VII of the Civil Rights Act of 1964, as amended, and within thirty (30) days thereafter report to the Commission the results of the validation.

16. <u>EMPLOYEE NOTICE</u>: Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Attachment B and hereby made a part of this Decree, in a place where it is visible to employees at each of its facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

17. <u>RECORDKEEPING</u>: Defendant shall maintain the following records for the term of this Decree or as required by federal law, whichever is longer:

    a. For all applicants (as that term is defined in this Decree) applying for production worker positions with Defendant, applications, information concerning how the application was received, resumes, interview notes, and any other documentation related to such individuals;

    b. For all applicants (as that term is defined in this Decree) applying for production worker positions with Defendant in person, Defendant shall maintain a log that includes the name, date of application, and gender of the applicant.

c.     Copies of all newly-created recruiting materials as referenced in paragraphs 8 and 10 above.

d.     Defendant's written procedure for continued consideration of an applicant's application as referenced in paragraph 8.b above.

e.     Copies of all notices sent to the organizations identified in paragraph 8.c above.

f.     Copies of all documentation related to any job fair Defendant participated in as required by paragraph 8.e above, including but not limited to all notifications to educational and professional organizations.

g.     Copies of all job advertisements placed during the term of this Decree as required by paragraph 8.f above, as well as an indication of where each advertisement was placed.

h.     Copies of all documents related to Defendant's efforts to identify other sources for advertising to publicize its commitment to diversity and its efforts to recruit female applicants for production worker positions.

i.     A record of any action undertaken pursuant to paragraph 9 (hiring efforts) above, including all documents reviewed and any revised documents.

j.     All training documents related to any training provided pursuant to paragraphs 13 and 14 above, including but not limited to all agendas for any training, all employee rosters for any training, and all materials used during the training.

k.     All documents related to the validation of written tests undertaken pursuant to paragraph 15, above.

l.     All documentation related to compliance with the terms of this Decree.

18.    REPORTING:  During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree.  Each report shall contain the information set forth below:

a.    A list of all job fairs attended in accordance with paragraph 8.e above, including location and approximate number of people in attendance, held during the preceding six-month period, if applicable;

b.    A list of all advertisements placed in accordance with paragraph 8.f above, during the preceding six-month period, including the type of advertising and where the particular advertisement was placed;

c.    A list of all persons who applied for employment with Defendant at any time during the reporting period, including by way of identification each person's name, gender, date of application, address, telephone number, and social security number;

d.    A list of all persons hired by Defendant at any time during the reporting period for a production worker position, including by way of identification each person's name, gender, date of hire and the department in which he or she was placed;

e.    For women identified in paragraph 18.c. above, who were not hired, provide a statement explaining why the individual was not hired;

f.    A list of all persons employed in Defendant's Final Finish department at any time during the reporting period, including by way of identification each person's name, gender, job title, and beginning and ending dates of employment in the Final Finish department.

g. In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

19. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents.

20. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have fourteen (14) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of fourteen (14) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

21. The term of this Decree shall be for four (4) years from its entry by the Court.

22. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

23. Each party shall bear its own costs and attorney's fees.

24. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The Decree shall expire by its own terms at the end of four (4) years without further action by the parties.

The parties jointly request that the Court enter and approve this Consent Decree.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

 s/ Lynette A. Barnes
LYNETTE A. BARNES (NC Bar 19732)
Regional Attorney

TINA BURNSIDE (WI Bar 1026965)
Supervisory Trial Attorney

 s/ Kara Gibbon Haden
KARA GIBBON HADEN (NC Bar 26192)
Senior Trial Attorney
Email: kara.haden@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone:      (704) 344-6887
Facsimile:      (704) 344-6780

R-ANELL HOUSING GROUP, LLC,
Defendant

 s/ Richard L. Rainey
RICHARD L. RAINEY (NC Bar 14278)
Email: rrainey@wcsr.com
WOMBLE CARLYLE SANDRIDGE
& RICE, PLLC
Suite 3500 One Wachovia Center
310 S. College Street
Charlotte, NC 28202
Tel: 704-331-4967
Fax: 704-338-7835
ATTORNEYS FOR DEFENDANT

## FINAL JUDGMENT

The court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under FED. R. CIV. P. 54 and 58.

SO ORDERED THIS 17th DAY OF _August_, 2009.

_Richard L. Voorhees_

Richard L. Voorhees
United States District Judge

**DEFENDANT LETTERHEAD**

Date

Dear [Class Applicant]:

You previously submitted an application with R-Anell Housing Group, LLC for employment as a production worker in its manufacturing facility. As a part of a lawsuit filed against R-Anell, the the Equal Employment Opportunity Commission ("EEOC") and R-Anell entered into an agreement whereby R-Anell agreed to attempt to hire certain former applicants into production worker positions. The EEOC has identified you as one of the former applicants who is still interested in employment with R-Anell and should be considered for hire under the agreement.

This letter is being sent to you to notify you that R-Anell Housing Group may have a production worker position available in the [*Name of Department*] Department at its manufacturing facility located in Cherryville, North Carolina within the next _____ [*period*, e.g., 2 weeks, month, etc.].

If you are interested in being considered for the possible vacancy, please call Keith Surgenor, Human Resources Director, at 704 -_____. **Please be advised that you must contact our office within five (5) days of your receipt of this letter or you may be disqualified from consideration for future vacancies under the terms of the agreement between EEOC and R-Anell.**

This letter or your decision not to be considered for the _____[*position*] mentioned herein, does not prevent you from applying for future employment at any time with R-Anell. This letter also does not constitute a job offer. This letter is merely intended to determine whether you are interested in being considered for employment in the above position at the current time.

Sincerely,


Keith Surgenor
Human Resources Director
R-Anell Housing Group, LLC


**ATTACHMENT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 5:07cv00106 |
| Plaintiff, | ) ) | |
| v. | ) ) | **EMPLOYEE** |
| R-ANELL HOUSING GROUP, LLC, | ) ) | **NOTICE** |
| Defendant. | ) ) ) | |

1.  This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and R-Anell Housing Group, LLC, in a case of alleged discrimination based on sex, in violation of Title VII of the Civil Rights Act of 1964. As part of the settlement, R-Anell agreed to post this notice and to take other actions set out in the Consent Decree resolving this matter.

2.  Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Title VII specifically prohibits discrimination based on sex.

3.  R-Anell Housing Group, LLC will comply with such federal law in all respects. Furthermore, R-Anell Housing Group, LLC will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least four (4) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2013

**ATTACHMENT B**